UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| CANDELARIO HERNANDEZ | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:20-CV-00034 |
| | § | |
| AARON KLOESEL, COREY FURR, | § | |
| GENE MILLER, JOHN CIRONE, | § | |
| MANUEL PERALTA, and | § | |
| ESMEREJILDO MORENO, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On September 29, 2021, the Court entered a Memorandum Opinion and Order, *see* (Dkt. No. 49), that (1) granted the Defendants' Motions to Dismiss; (2) stayed the case for a period of sixty days to allow Plaintiff Candelario Hernandez to exhaust his administrative remedies; and (3) directed the Parties to file a joint notice after sixty days as to exhaustion. For the following reasons, the Court **WITHDRAWS** the Memorandum Opinion and Order.

**I.    BACKGROUND**

Texas inmate Hernandez claims that Defendant Aaron Kloesel, an officer in the Texas prison system, beat him so badly that he was left comatose and bleeding. He further claims that his injuries required him to be airlifted for medical treatment. Hernandez states that he now cannot walk and suffers from permanent cognitive disability, memory and vision impairment, and paralysis on the left side of his body. In this case, he is suing Kloesel for violating his rights under the Eighth and Fourteenth

Amendments to the United States Constitution. He is also suing Kloesel's superiors (Corey Furr, Gene Miller, John Cirone, Manuel Peralta, and Esmerejildo Moreno) for negligently supervising Kloesel. In addition, Hernandez alleges that Furr and Moreno conspired to conceal Kloesel's disciplinary record.

On September 29, 2021, the Court's Memorandum Opinion and Order, (Dkt. No. 49), granted the Defendants' Motions to Dismiss. The Court concluded that Hernandez failed to exhaust his administrative remedies based on Hernandez's concession on this point and the allegations in the Complaint. (*Id.* at 9–11). But the Court also stayed the case to allow Hernandez the opportunity to exhaust. (*Id.* at 12).

A few days after the Court's Memorandum Opinion and Order, the Defendants filed a Motion to Lift the Stay. (Dkt. No. 50). In that Motion, the Defendants request that the Court lift the stay and enter judgment. (*Id.*).

In his Response, Hernandez's counsel provides additional context. (Dkt. No. 51). Hernandez's counsel explains that she was hired by Hernandez's sister because Hernandez now has cognitive and communication limitations. (*Id.* at 1). Hernandez's counsel further explains that she and Hernandez's family "were prohibited from filing a grievance or seeking any administrative remedy" on behalf of Hernandez. (*Id.* at 1–2). Following the Court's Memorandum Opinion and Order, Hernandez's counsel instructed Hernandez to file a grievance, which was denied as untimely at both step one and step two. (*Id.* at 2). Hernandez now argues that exhaustion is not required under the PLRA when the grievance process is unavailable. (*Id.* at 3–4). Hernandez observes that, unlike filing a lawsuit, an attorney or family member cannot file a grievance on behalf of

2

an inmate. (*Id.* at 5). He requests that the Court deny the Motion to Lift the Stay and proceed to trial.[1] (*Id.* at 7).

On October 27, 2021, the Parties filed a Joint Notice on Exhaustion. (Dkt. No. 52). That Joint Notice states that Hernandez's Step 1 grievance was filed on September 30, 2021 and denied on October 4, 2021 as untimely. (*Id.* at 1). The Joint Notice also states that the Step 2 grievance was filed on October 13, 2021 and likewise denied on October 14, 2021 as untimely. (*Id.*). The Joint Notice includes the grievances. (*Id.* at 4–7).

## II.   LEGAL STANDARDS AND DISCUSSION

The Federal Rules of Civil Procedure authorize a federal district court to revise "at any time before the entry of a judgment" an order that does not end the lawsuit. Fed. R. Civ. P. 54(b). As a result, "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam). Indeed, Rule 54(b) reflects the district court's flexibility "as the case evolves" and the district court's power to afford relief "as justice requires." *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)). This inherent power allows a federal district court to *sua sponte* reconsider an order under Rule 54(b). *See, e.g.*, *Oracle Oil, LLC v. EPI Consultants*, 391 F. Supp. 3d 634, 636 (E.D. La. 2019); *see also McKethan v. Tex. Farm Bureau*, 996 F.2d 734, 738 n.6 (5th Cir. 1993).

---

[1]   Hernandez's counsel also filed an affidavit in support. (Dkt. No. 51-1).

An inmate must "exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 578 U.S. 632, 635, 136 S.Ct. 1850, 1854–55, 195 L.Ed.2d 117 (2016) (quoting 42 U.S.C. § 1997e(a)). A federal district court can dismiss an inmate's complaint if that inmate failed to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007). Exhaustion is an affirmative defense. *Id.* Thus, "inmates are *not* required to specially plead or demonstrate exhaustion in their complaints." *Id.* (emphasis added). But a court can nonetheless dismiss for failure to exhaust on the complaint alone "if the complaint itself makes clear that the prisoner failed to exhaust." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

The Court previously found that failure to exhaust was clear on the face of the complaint. This remains true. But whether exhaustion was *available* is unclear. *Brown v. Wilson*, 822 F. App'x 299, 300–01 (5th Cir. 2020) (per curiam); *see also Rucker v. Giffen*, 997 F.3d 88 (2d Cir. 2021). Thus, the Court *sua sponte* withdraws its September 29, 2021 Memorandum Opinion and Order. Limited discovery is appropriate to determine whether exhaustion was unavailable. *See Jones v. Givens*, No. 19-50465, 2021 WL 3889295, at *4 (5th Cir. Aug. 30, 2021) (per curiam).

### III.  CONCLUSION

The Court hereby **WITHDRAWS** its September 29, 2021 Memorandum Opinion and Order. (Dkt. No. 49).

The Court further **ORDERS** limited discovery on the issue of the availability of exhaustion of administrative remedies. This limited discovery is confined to a period of

4

ninety days from the date of this Order. Following the completion of limited discovery, the Court will consider a motion for summary judgment solely on the issue of availability of administrative remedies. If Hernandez survives summary judgment on this issue, the Court will, if necessary, consider arguments pertaining to the merits.[2]

Finally, the Court finally **GRANTS IN PART** and **DENIES IN PART** the Motion to Lift Stay. (Dkt. No. 50). The Court **LIFTS** the stay but **DENIES** all other requested relief in the Motion to Stay.

It is SO ORDERED.

Signed on December 15, 2021.

                                               **DREW B. TIPTON**
                                               **UNITED STATES DISTRICT JUDGE**

---

[2] Nothing in this Order shall be construed to reach the Defendants' other arguments raised in their Motions to Dismiss, including statute of limitations, failure to state a claim, and qualified immunity. The Court will, if necessary, reach those issues following its resolution of the threshold issue of exhaustion.