United States District Court
Southern District of Texas
**ENTERED**
April 26, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **CANDELARIO HERNANDEZ** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 6:20-CV-00034 |
| | § | |
| **AARON KLOESEL, COREY FURR,** | § | |
| **GENE MILLER, JOHN CIRONE,** | § | |
| **MANUEL PERALTA, and** | § | |
| **ESMEREJILDO MORENO,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Texas inmate Candelario Hernandez claims that on November 4, 2019, Defendant Aaron Kloesel, an on-duty officer in the Texas prison system, beat him so badly that he was left bleeding and comatose. Hernandez is suing Kloesel for violating his rights under the Eighth and Fourteenth Amendments to the United States Constitution. He is also suing Kloesel's superiors—Corey Furr, Gene Miller, John Cirone, Manuel Peralta, and Esmerejildo Moreno. On February 26, 2023, this Court signed a Memorandum Opinion and Order denying Defendants' motion for summary judgment, (Dkt. No. 54), on the issue of whether Hernandez had exhausted his administrative remedies prior to filing this lawsuit. (Dkt. No. 65). This Court held that there is a fact question for a jury to decide as to whether Hernandez's grievance would have been considered by the TDCJ because it was untimely. (*Id.* at 13).

Pending before the Court is Defendants' Joint Motion to Certify the Issue of Plaintiff's Exhaustion of Administrative Remedies for Interlocutory Appeal. (Dkt. No. 66). After reviewing the Motion, the Response, the record, and the applicable law, the Court **DENIES** the Motion.

**I.     BACKGROUND**

Hernandez alleges the following relevant facts: On November 4, 2019, while incarcerated in the Stevenson Unit of the Texas Department of Criminal Justice ("TDCJ"), he sought medical attention for an arm injury. (Dkt. No. 1 at 7). When Hernandez approached the medical unit, Kloesel, who was standing at the door, told him to return to his cell. (*Id.*). Hernandez explained to Kloesel that he needed medical treatment and had arrived at the appropriate time to receive care. (*Id.*). Kloesel insisted that Hernandez return to his cell. (*Id.*). Hernandez refused to leave the medical unit; instead, he placed his foot at the bottom of the door to prevent it from closing and tried to persuade Kloesel to allow him to get treatment. (*Id.*). In response, Kloesel threw Hernandez to the ground, knocking him unconscious. (*Id.*). Medical personnel later determined that Hernandez was comatose. (*Id.* at 8). He had sustained life-threatening injuries to his head and had to be airlifted to Brooke Army Medical Center in San Antonio for treatment. (*Id.* at 8–9). On November 18, 2019, Hernandez was transferred to UTMB, a TDCJ facility. (Dkt. No. 64 at 20). It is unclear from the record exactly when Hernandez emerged from the coma. (*Id.* at 9); (*see* Dkt. No. 54 at 6–7). Hernandez is presently incarcerated in the Carol Young Medical Facility of the TDCJ. (Dkt. No. 1 at 2). He is no longer in a coma, but he suffers

from permanent cognitive disability, permanent memory and vision impairment, and paralysis on the left side of his body, which makes him unable to walk.  (*Id.* at 9).

Hernandez asserts that his injuries prevented him from filing a grievance in accordance with TDCJ procedures for the harm he sustained on November 4, 2019.  (*Id.* at 16).  The deadline to file a grievance in this case was November 19, 2019.  (Dkt. No. 64 at 9).  Hernandez missed this deadline, as he "was not capable of communication or even coherent cognitive processes during the 15 day window."  (*Id.* at 13).  On September 30, 2021, well after the deadline to file had passed, Hernandez submitted a Step 1 grievance, which was denied on October 4, 2021, as untimely.  (Dkt. No. 52 at 1).  After receiving the denial, on October 13, 2021, Hernandez filed a Step 2 grievance which was similarly denied on October 14, 2021, as untimely.  (*Id.*).  On February 26, 2023, this Court issued a Memorandum Opinion and Order denying Defendants' motion for summary judgment as to whether Hernandez had exhausted the administrative remedies available to him prior to filing this lawsuit. (Dkt. No. 65).  The Court held that there is a genuine issue of material fact as to whether a Step 1 grievance filed promptly after the submission deadline would have been processed by the TDCJ. (*Id.* at 11).  Defendants have now filed this motion to certify the issue of exhaustion of administrative remedies for interlocutory appeal.  (Dkt. No. 66).

## II.     LEGAL STANDARD

28 U.S.C. § 1292(b) of the United States Code authorizes a district judge to certify an order for interlocutory appeal when the "order involves [(1)] a controlling question of law [(2)] as to which there is substantial ground for difference of opinion and . . . [(3)] an

immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b); *see also Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 46, 115 S.Ct. 1203, 1210, 131 L.Ed.2d 60 (1995) (quoting 28 U.S.C. § 1292(b)). Unless all three criteria are satisfied, a court cannot certify an interlocutory appeal. *See Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68–69 (5th Cir. 1983). The moving party bears the burden of demonstrating the necessity of an interlocutory appeal. *Coates v. Brazoria Cnty. Tex.*, 919 F.Supp.2d 863, 867 (S.D. Tex. 2013). The Fifth Circuit has noted that "Section 1292(b) appeals are exceptional." *Clark-Dietz*, 702 F.2d at 69. That is because Section 1292(b) "is not a vehicle to question the correctness of a district court's ruling or to obtain a second, more favorable opinion." *Ryan v. Flowserve Corp.*, 444 F.Supp.2d 718, 722 (N.D. Tex. 2006) (citing *McFarlin v. Conseco Serv.*, LLC, 381 F.3d 1251, 1256 (11th Cir. 2004)).

## III. DISCUSSION

In their Motion, Defendants argue that all three requirements for certification have been satisfied in this case. (Dkt. No. 66 at 3). First, Defendants argue that the issue is a narrow question on the exhaustion of administrative remedies, which is a pure question of law. (*Id.* at 4–6). Second, Defendants argue that the controlling question in this case presents substantial ground for difference of opinion because there is a scarcity of Fifth Circuit precedent on this issue. (*Id.* at 6–8). And third, Defendants argue that immediate interlocutory appeal would materially advance the termination of this case because it would obviate the need for further proceedings. (*Id.* at 8).

4

Hernandez responds that the requirements for certification have not been satisfied. (Dkt. No. 67 at 1). First, Hernandez argues that the controlling question for appeal is not a pure question of law because the inquiry into exhaustion requires applying the facts to the law. (*Id.* at 2–3). Second, Hernandez argues that there is no substantial ground for difference of opinion because the Parties agree that Hernandez wasn't required to exhaust remedies that were unavailable to him. (*Id.*). Hernandez does not discuss the third requirement for certification.

The Court holds that Defendants have not satisfied their burden of establishing that the February Order involved a controlling question of law. Section 1292(b)'s requirement for certification is that the controlling question be one of law, not fact. 28 U.S.C. § 1292(b). The statute's language "refers to a 'pure question of law rather than merely to an issue that might be free from a factual contest.'" *McCollum v. Livingston*, No. 4:14-CV-03253, 2017 WL 2215627, at *3 (S.D. Tex. May 19, 2017) (quoting *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 676–77 (7th Cir. 2000)). "The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case." *Id.* (quoting *Ahrenholz*, 219 F.3d at 677).

Here, the question concerns the exhaustion of administrative remedies; that is, whether the prison system would have considered an untimely grievance if Hernandez had submitted one prior to filing this lawsuit. The Fifth Circuit has held that whether a prisoner has exhausted administrative remedies is a mixed question of law and fact. *Carty v. Thaler*, 583 F.3d 244, 252 (5th Cir. 2009) (citation omitted). In this case, the inquiry

5

centers around whether administrative remedies were actually available to Hernandez. And while the question of whether administrative remedies are "available" under 42 U.S.C. § 1997e(a) is a question of law, the availability analysis may sometimes turn on questions of fact. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (citation omitted); *see also Springer v. Unknown Rekoff*, No. 3:14-CV-00300, 2016 WL 5372526, at *2 (S.D. Tex. Sept. 26, 2016) (denying defendant's motion for summary judgment because there was a genuine issue of material fact as to exhaustion of administrative remedies).

Here, the underlying question of whether the prison grievance procedure was available to Hernandez is a question of fact whose answer turns on whether the prison system would have considered an untimely grievance had Hernandez filed one prior to filing this lawsuit. Until this fact issue is resolved, the Court cannot make a legal determination on whether administrative remedies have been exhausted. Because the controlling question in this case is not a pure question of law, certification is not appropriate.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** the Defendants' Joint Motion to Certify the Issue of Plaintiff's Exhaustion of Administrative Remedies for Interlocutory Appeal. (Dkt. No. 66).

It is SO ORDERED.

Signed on April 25, 2023.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**